OWEN P. JACKSON

*v.*

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

GOVERNMENTAL FUNCTION—*Medcalf* v. *State, Supra, followed.* This case is similar to that of *Carlson* v. *State, Supra,* and the decision of the Court there announced governs this claim.

LACHES—*claim should be filed within a reasonable time.* Claimant should file his claim within a reasonable length of time in order to bring himself within the social justice and equity rule.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by Owen P. Jackson who alleges that on the 21st day of June, A. D. 1918, and for two months prior thereto he was employed as a guard or keeper at the Illinois State Penitentiary at Joliet; that on the evening of said day an inmate of said penitentiary without provocation or warning attacked said claimant; that claimant was cut about the forehead, on the end of his nose and on his left wrist and as a result, claimant suffered great pain and inconvenience and was permanently scarred as the result of said injuries and that his clothing was ruined and destroyed.

The defendant by its Attorney General comes and demurs. It is, of course, admitted that there is no legal liability on the part of the State and the only question opened for the consideration of this Court as to whether or not a recommendation should be made to the Legislature as a matter of equity and social justice.

It is the opinion of this Court that a claim of this kind should be filed in a reasonable time and it is believed by the Court that this claim should have been filed at an earlier date, at least in time for consideration of this Court for recommendation at the 1921 session of the Legislature, and it is further the opinion of this Court that while it has been announced as the policy of this Court in these classes of cases that equity and social justice should be considered wherein there was no legal liability, yet it is also the duty of this Court to do justice to the people of the State and that wherein a claim is not brought forth within a reasonable time, that it should not be allowed.

It is therefore considered by the Court that the demurrer of the defendant be sustained and that no recommendation be made to the Legislature for an allowance of this claim.